**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| GEORGE MOORE, individually and on behalf of classes of all persons and entities similarly situated, | : | Case No. |
| | : | |
| | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | JURY DEMANDED |
| SABAL MEDIA GROUP, LLC d/b/a THE MEDICARE BASICS | : | |
| | : | |
| | : | |
| Defendant. | : | |

_____/

## CLASS ACTION COMPLAINT

### Preliminary Statement

1.     As the Supreme Court has explained, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The Federal Government receives a staggering number of complaints about robocalls—3.7 million complaints in 2019 alone. The States likewise field a constant barrage of complaints. For nearly 30 years, the people's representatives in Congress have been fighting back. As relevant here, the Telephone Consumer Protection Act of 1991, known as the TCPA, generally prohibits robocalls to cell phones and home phones." *Barr v. Am. Ass'n of Political Consultants*, 140 S. Ct. 2335, 2343 (2020).

2.     However, the TCPA doesn't only restrict robocalls.

3.     Indeed, the Fourth Circuit has recognized that "Telemarketing calls are intrusive. A great many people object to these calls, which interfere with their lives, tie up their phone lines, and cause confusion and disruption on phone records. Faced with growing public criticism of abusive telephone marketing practices, Congress enacted the Telephone Consumer Protection

Act of 1991. Pub. L. No. 102-243, 105 Stat. 2394 (1991) (codified at 47 U.S.C. § 227). As Congress explained, the law was a response to Americans 'outraged over the proliferation of intrusive, nuisance calls to their homes from telemarketers' *id.* § 2(6), and sought to strike a balance between '[i]ndividuals' privacy rights, public safety interests, and commercial freedoms' *id.* § 2(9).

4.     "The law opted for a consumer-driven process that would allow objecting individuals to prevent unwanted calls to their homes. The result of the telemarketing regulations was the national Do-Not-Call registry. *See* 47 C.F.R. § 64.1200(c)(2). Within the federal government's web of indecipherable acronyms and byzantine programs, the Do-Not-Call registry stands out as a model of clarity. It means what it says. If a person wishes to no longer receive telephone solicitations, he can add his number to the list. The TCPA then restricts the telephone solicitations that can be made to that number. *See id.*; 16 C.F.R. § 310.4(b)(iii)(B) ('It is an abusive telemarketing act or practice and a violation of this Rule for a telemarketer to . . . initiat[e] any outbound telephone call to a person when . . . [t]hat person's telephone number is on the "do-not-call" registry, maintained by the Commission.')…Private suits can seek either monetary or injunctive relief. *Id*…This private cause of action is a straightforward provision designed to achieve a straightforward result. Congress enacted the law to protect against invasions of privacy that were harming people.  The law empowers each person to protect his own personal rights. Violations of the law are clear, as is the remedy. Put simply, the TCPA affords relief to those persons who, despite efforts to avoid it, have suffered an intrusion upon their domestic peace." *Krakauer v. Dish Network, L.L.C.*, 925 F.3d 643, 649-50 (4th Cir. 2019).

5.     George Moore ("Plaintiff" or "Mr. Moore") brings this action to enforce the consumer-privacy provisions of the TCPA alleging that Sabal Media Group, LLC d/b/a The

Medicare Basics ("Sabal Media") made telemarketing calls that were both pre-recorded and sent to numbers on the National Do Not Call Registry, both of which violate the TCPA.

6.     Because telemarketing calls can be made to thousands or even millions of individuals, Plaintiff brings this action on behalf of proposed nationwide classes of other persons who were sent similar calls.

7.     A class action is the best means of obtaining redress for the Defendant's illegal telemarketing and is consistent both with the private right of action afforded by the TCPA and the fairness and efficiency goals of Rule 23 of the Federal Rules of Civil Procedure.

## Parties

8.     Plaintiff is an individual residing in this District.

9.     Defendant Sabal Media Group, LLC d/b/a The Medicare Basics is a Florida limited liability company.

## Jurisdiction & Venue

10.     The Court has subject-matter jurisdiction under 28 U.S.C. § 1331 because the Plaintiff's claims arise under federal law.

11.     The Court has personal jurisdiction over the Defendant because they made telemarketing calls into this District.

12.     Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because the telemarketing calls were made into this District.

## The Telephone Consumer Protection Act

13.     In 1991, Congress enacted the TCPA to regulate the explosive growth of the telemarketing industry.  In so doing, Congress recognized that "[u]nrestricted telemarketing …

can be an intrusive invasion of privacy [.]" Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2(5) (1991) (codified at 47 U.S.C. § 227).

Calls Made Using a Pre-Recorded Message

14.     The TCPA regulates, among other things, the use of a pre-recorded message to make calls or send pre-recorded calls.  *See* 47 U.S.C. § 227, *et seq.*; *In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, Report and Order*, 18 FCC Rcd. 14014, 14115 ¶ 165 (2003).

15.     Specifically, the TCPA prohibits the use of a pre-recorded message to a wireless number in the absence of an emergency or the prior express written consent of the called party.  *See* 47 U.S.C.  § 227(b)(1)(A)(iii); 47 C.F.R. § 64.1200(a)(2); *In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 27 F.C.C. Rcd. 1830, 1831 (F.C.C. 2012).

16.     "[T]elemarketing means the initiation of a telephone call or message for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services, which is transmitted to any person." 47 C.F.R. § 64.1200(f)(12).

17.     "[P]rior express written consent means an agreement, in writing, bearing the signature of the person called that clearly authorizes the seller to deliver or cause to be delivered to the person called advertisements or telemarketing messages using an automatic telephone dialing system or an artificial or prerecorded voice, and the telephone number to which the signatory authorizes such advertisements or telemarketing messages to be delivered."  47 C.F.R. § 64.1200(f)(8).

The National Do Not Call Registry

18.  The National Do Not Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers.  *See* 47 C.F.R. § 64.1200(c)(2).

19.  A listing on the Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator."  *Id.*

20.  The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential telephone subscribers to the Registry and provides a private right of action against any entity that makes those calls, or "on whose behalf" such calls are promoted.  47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2).

## Factual Allegations

21.  Sabal Media markets and sells supplemental Medicare insurance.

22.  Sabal Media uses telemarketing to promote its products and services and solicit new customers.

Calls to Plaintiff

23.  Mr. Moore is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

24.  Mr. Moore's residential telephone number (630) 699-XXXX has been on the National Do Not Call Registry for years prior to receiving the calls at issue.

25.  This number is assigned to a cellular service.

26.  It is used by Mr. Moore for his personal use only.

27.  However, Mr. Moore received multiple pre-recorded telemarketing calls on his number, promoting Sabal Media's services.

28.     This included calls on on June 2, 5, 6, 7, 12 and 23 as well as September 7 and 14, 2023, from various caller identification numbers.

29.     The calls all used the same artificial voice message, which stated, "Hi, this is Lynette with the Medicare department at Health Care Benefits. How are you today? . . . I'm calling because the updated plans for Medicare have been released . . . Now these benefits aren't automatically given, so we're calling to make sure that you're actually getting everything that you're entitled to…"

30.     The call was clearly pre-recorded because (a) there was a pause before the recording played and (b) the robot had a generic and unnatural monotone voice.

31.     During the September 14, 2023 call, following the pre-recorded message, the Plaintiff spoke with Tyson Bennett with "The Medicare Basics", who was calling to offer the Plaintiff additional Medicare benefits through supplemental insurance.

32.     Mr. Bennett asked for the Plaintiff's Medicare number and the call ended.

33.     Prior to the filing of this action, the Plaintiff sent a communication to Sabal Media.

34.     Sabal Media did not deny making the calls and instead claimed that they had permission to send them.

35.     When the Plaintiff asked to see such permission, Sabal Media did not produce any.

36.     The class members, including the Plaintiff, were harmed by the conduct that invaded their privacy.

### Class Action Allegations

37.     Plaintiff incorporates by reference all other paragraphs of this Complaint as if fully stated herein.

38.     Plaintiff brings this action on behalf of himself and the following classes (the "Classes") pursuant to Federal Rule of Civil Procedure 23.

39. Plaintiff proposes the following Class definitions, subject to amendment as appropriate:

**Robocall Class:** All persons in the United States who, (1) within four years prior to the commencement of this litigation until the class is certified (2) received one or more calls on their cellular telephone (3) from or on behalf of Sabal Media, (4) sent using the same, or substantially similar, pre-recorded message used to contact the Plaintiff.

**National Do Not Call Registry Class:** All persons in the United States whose, (1) telephone numbers were on the National Do Not Call Registry for at least 30 days, (2) but received more than one telephone solicitation call from or on behalf of Sabal Media (3) within a 12-month period, (4) from four years prior the filing of the Complaint.

40. Excluded from the Classes are counsel, the Defendant, and any entities in which the Defendant has a controlling interest, the Defendant's agents and employees, any judge to whom this action is assigned, and any member of such judge's staff and immediate family.

41. The Plaintiff is a member of and will fairly and adequately represent and protect the interests of these Classes as he has no interests that conflict with any of the class members.

42. Plaintiff and all members of the Classes have been harmed by the acts of the Defendant, including, but not limited to, the invasion of their privacy, annoyance, waste of time, the use of their cell phone battery, and the intrusion on their cellular telephone that occupied it from receiving legitimate communications.

43. This Class Action Complaint seeks injunctive relief and money damages.

44. The Classes as defined above are identifiable through dialer records, other phone records, and phone number databases.

45. Plaintiff does not know the exact number of members in the Classes, but Plaintiff reasonably believes Class members number, at minimum, in the hundreds in each class.

46. The joinder of all Class members is impracticable due to the size and relatively modest value of each individual claim.

47. Additionally, the disposition of the claims in a class action will provide substantial benefit to the parties and the Court in avoiding a multiplicity of identical suits.

48.     There are well defined, nearly identical, questions of law and fact affecting all parties. The questions of law and fact, referred to above, involving the class claims predominate over questions which may affect individual Class members.

49.     There are numerous questions of law and fact common to Plaintiff and to the proposed Classes, including but not limited to the following:

a.  whether a pre-recorded message was used to send calls;

b.  whether multiple telemarketing telephone calls were made promoting the Defendant's goods or services to members of the National Do Not Call Registry Class;

c.  whether the telemarketing calls at issue were made to Plaintiff and members of the Classes without first obtaining prior express written consent to make the call;

d.  whether Defendant's conduct constitutes a violation of the TCPA; and

e.  whether members of the Classes are entitled to treble damages based on the willfulness of Defendant's conduct.

50.     The likelihood that individual members of the Classes will prosecute separate actions is remote due to the time and expense necessary to prosecute an individual case.

**FIRST CAUSE OF ACTION**
**Statutory Violations of the Telephone Consumer Protection Act**
**(47 U.S.C. 227, et seq.) on behalf of the Robocall Class**

51.     Plaintiff incorporates by reference the foregoing allegations as if fully set forth herein.

52.     The Defendant violated the TCPA by sending or causing to be sent calls to the cellular telephones of Plaintiff and members of the Robocall Class using a pre-recorded message without their prior express written consent.

53.     As a result of Defendant's violations of 47 U.S.C. § 227 *et seq.*, Plaintiff and Robocall Class members are entitled to an award of $500 in statutory damages for each and every violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(B).

54.     The Plaintiff and Robocall Class members are entitled to an award of treble damages if the Defendant's actions are found to have been knowing or willful.

55.     Plaintiff and Robocall Class members are also entitled to and do seek injunctive relief prohibiting Sabal Media from using a pre-recorded voice in the future, except for emergency purposes.

**SECOND CAUSE OF ACTION**
**Violation of the Telephone Consumer Protection Act**
**(47 U.S.C. 227, et seq. and 47 C.F.R. §§ 64.1200(c))**
**on behalf of the National Do Not Call Registry Class**

56.     Plaintiff incorporates by reference the foregoing allegations as if fully set forth herein.

57.     The Defendant violated the TCPA and the Regulations by making two or more telemarketing calls within a 12-month period to Plaintiff and the members of the National Do Not Call Registry Class while those persons' phone numbers were registered on the National Do Not Call Registry.

58.     As a result of Defendant's violations of 47 U.S.C. § 227 *et seq.*, Plaintiff and National Do Not Call Registry Class members are entitled to an award of up to $500 in statutory damages for each and every violation of the statute, pursuant to 47 U.S.C. § 227(c)(5).

59.     Plaintiff and Class members are entitled to an award of treble damages if the Defendant's actions are found to have been knowing or willful.

60.     Plaintiff and National Do Not Call Registry Class members are also entitled to and do seek injunctive relief prohibiting Sabal Media from advertising its goods or services,

except for emergency purposes, to any number on the National Do Not Call Registry in the future.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Classes, prays for the following relief:

A.      Injunctive relief prohibiting Sabal Media from making telephone calls advertising their goods or services, except for emergency purposes, to any number on the National Do Not Call Registry or to any cellular telephone numbers using a prerecorded voice in the future;

B.      As a result of Defendant's violations of the TCPA, Plaintiff seeks for himself and each member of the Classes up to treble damages, as provided by statute, of $1,500 for each and every violation of the TCPA;

C.      An order certifying this action to be a proper class action pursuant to Federal Rule of Civil Procedure 23, establishing appropriate Classes the Court deems appropriate, finding that Plaintiff is a proper representative of the Classes, and appointing the lawyers and law firms representing Plaintiff as counsel for the Classes;

D.      Such other relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff requests a jury trial as to all claims of the complaint so triable.

PLAINTIFF,
By his attorneys,

/s/ *Anthony I. Paronich*
Anthony I. Paronich
Paronich Law, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043

(508) 221-1510
anthony@paronichlaw.com